———o———

No. 6806.

## MRS. AGNES PRATT, WIDOW OF H. C. SNELL, v. HART JEWELRY COMPANY.

### Syllabus.

1. The deposit cannot be withheld on pretense of a debt distinct from the deposit or by way of offset. R. C. C. 2956, 2210.

94

2. R. C. C. 1551, which provides that the donation passes to the donee subject to all charges, has no application to a case where a vendor knows that the thing is purchased by the vendee for the avowed purpose of giving it to another and where at the moment of the purchase and in the presence of the vendor the donation is in fact made to the contemplated donee. Such circumstances imply a waiver of the privilege for the price on the part of the vendor.

Appeal from the Civil District Court, Parish of Orleans, No. 113,064, Division "B"; Honorable Fred D. King, Judge. Reversed.

Borah, Himel, Block & Borah, for plaintiff and appellant.

Stafford & Robinson, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff, a non-resident widow, sues to recover possession of certain jewels, her separate paraphernal property, which she left with defendant, a jeweler, to be reset, on or about January 1st, 1914.

Defendant does not seek to justify its retention of the jewels, admittedly still in its possession, because of any claim against same for work done or otherwise, but founds its refusal and failure to return the jewels on the following ground only, as its answer in substance states, to-wit:

That on October 10, 1914, that is, subsequent to the deposit of the jewels, plaintiff and her husband called at defendant's store, where plaintiff's husband purchased on credit one gold purse for $395.00, and then and there, in the presence of defendant's manager donated it by manual gift to plaintiff, his wife; that the husband has since died; that no part of the purchase price has been paid; that plain-

95

tiff took the purse subject to defendant's privilege for the purchase price under R. C. C. 1551, which provides that the donation passes to the donee subject to all charges, and that accordingly plaintiff is personaly liable for the purchase price of the purse.

And the prayer of the answer is that plaintiff's demand be dismissed and that defendant have judgment in reconvention against her for $395.00, the price of the purse, with recognition of its vendor's privilege aforesaid.

Upon the trial the evidence established the facts alleged in the pleadings as above set out and there was judgment dismissing plaintiff's demand for the return of her jewels, and furthermore in favor of defendant decreeing it a personal judgment in reconvention against plaintiff for the price of the purse, with recognitoin of the vendor's privilege as prayed for.

The judgment is clearly erroneous and must be reversed in so far as it rejects plaintiff's demand for the recovery of her jewels. Defendant's retention of the jewels solely because of the existence of an alleged claim against her growing out of a concededly separate and distinct transaction, namely, the subsequent purchase of the purse, is wholly unjustifiable. The jewels were deposited with defendant for a particular purpose, its custody of them was of a fiduciary character, and it "cannot withhold the deposit on pretense of a debt due from the depositor on an account distinct from the deposit, or by way of offset." R. C. C. 2956, 2210.

Upon the reconventional demand, it was erroneous, as plaintiff correctly contends, to award a personal judgment against her for the price of the purse; for even should the contention be true that the purse passed to her subject to defendant's privilege as unpaid vendor, still there is no law

which imposes upon her as donee a personal liability for the price. And this is particularly true in the case of the wife, whom the law jealously safeguards against the obligations of the husband.

Nor do we think that a vendor's privilege attached to the purse in the hands of plaintiff, notwithstanding the provisions of R. C. C. 1551 to the effect that a donation passes to the donee subject to all charges. That provision can have no application to a case such as this, where the vendor knows that the thing is purchased by the vendee avowedly as a gift to another, and where at the moment of purchase and in the presence of the vendor the contemplated donation is in fact made to the donee; for these circumstances give rise to an implied understanding between the parties that the vendor will not look to the thing for payment but will rely exclusively upon the personal responsibility of the purchaser. It is a tacit waiver of the privilege.

Furthermore, it is at best doubtful whether or not defendant's demand should be considered at all. Plaintiff, a non-resident, was forced into this jurisdiction solely through defendant arbitrarily retaining her jewels in violation of a fiduciary obligation to return them to her on demand. To entertain the reconventional demand in this instance would be to permit defendant to take advantage of a situation created by its virtual breach of trust.

See *McKee v. Ammonett*, 6 A., 207.

*Purvis, Wood & Co. v. Breed*, 7 A., 636.

The judgment on the main demand is accordingly set aside and reversed, and it is now decreed that there be judgment in favor of plaintiff, Mrs. Agnes Pratt, widow of Harry C. Snell, and against the Hart Jewelry Company, defendant, ordering the latter to deliver to plaintiff within ten (10) days after this judgment becomes final and execu-

97

tory, the jewelry described in plaintiff's petition herein; and in default of such delivery within the time prescribed, this decree shall stand and be final and executory as a money judgment in plaintiff's favor and against defendant in the sum of $250.00, with legal interest thereon from this date.

And upon the reconventional demand the judgment is set aside and reversed and it is now decreed that the reconventional demand be rejected.

It is further decreed that defendant pay all costs incurred in both Courts.

Reversed.

Opinion and decree, December 4th, 1916.

Rehearing refused, December 18th, 1916.